■ MARY L. CAMPBELL, as Administratrix of the Estate of A. C. CAMPBELL, Deceased, Respondent, v. H. S. C. REALTY CORPORATION, Appellant.— In an action to recover damages for wrongful death and for conscious pain and suffering, defendant appeals, as limited by its notice of appeal and its brief, from so

much of an order of the Supreme Court, Kings County, entered June 14, 1968, as granted plaintiff's motion to set aside a jury verdict for defendant and granted a new trial. Order reversed, insofar as appealed from, with costs; plaintiff's motion denied; and verdict reinstated. In our opinion, there was ample evidence to sustain the jury's verdict for defendant. We do not pass on the charges of misconduct made against defendant's trial counsel. Based on the entire record, however, it is our view that plaintiff's belated recognition of the importance of having Hayes' personal testimony was an afterthought born of the adverse verdict. The record indicates that the trial court too did not regard where Hayes was as a matter of importance until after a verdict was returned which, it seems clear, the court found disagreeable. Defense counsel informed the court on the first day of the jury's deliberations that Hayes was confined in Kings Park State Hospital, but absolutely nothing was done to indicate that the court regarded this as a significant disclosure. Nothing was put on the record; nor does it appear that plaintiff's counsel was promptly advised by the court of this new information. Despite a full opportunity to declare a mistrial at the urging of defendant's counsel because of the prolonged deliberations, the matter was permitted to proceed to verdict. This record of apparent indifference and inaction after Hayes' whereabouts were disclosed indicates to us that neither counsel nor the court then regarded it as a serious matter. If it was not serious then, it did not become so after the verdict. It is very unlikely that Hayes could contribute anything to plaintiff's case on a new trial. An inmate of a hospital for the mentally ill since 1966 and already on record in his examination before trial as having testimony highly favorable to defendant, it is doubtful indeed that his appearance at a new trial might change the result. Beldock, P. J., Christ, Rabin, Benjamin and Kleinfeld, JJ., concur.